

Hancock County, MS
Tiffany Cowman, Chancery Clerk
I certify this instrument was filed
04/14/2026 08:10:03 AM
and recorded in the
Deed Book
Book 2026 Pages 5110-5115
Page 5110

FILE NO.: ▮▮▮▮▮▮

RECORD AND RETURN TO:
TITLE DEPARTMENT
Rubin Lublin, LLC
3145 Avalon Ridge Place
Suite 100
Peachtree Corners, GA 30071
(770) 246-3300

Grantor:
ANTHONY JAY DAVION, CONNIE SUE TUCKER
11207 CHESTER LEE RD
PICAYUNE, MS 39466

Grantee:
Village Capital & Investment, LLC
Village Capital & Investment, LLC
2460 Paseo Verde Parkway, Suite 110, Henderson, NV 89074
1-800-919-0068

INDEXING INSTRUCTIONS: PART OF THE
N 1/2 OF THE SW 1/4 OF SE 1/4 OF SECTION
8, TOWNSHIP 6 SOUTH, RANGE 15 WEST,
HANCOCK COUNTY, MISSISSIPPI

Note to Clerk: Please cross reference this Affidavit with that certain Security Instrument recorded December 13, 2024 in Deed Book 2024, Page 28726 , which was re-recorded March 9, 2026 in Deed Book 2026, Page 5095, Hancock County, Mississippi records.

Agreement for Deed in Lieu of Foreclosure and Estoppel and Solvency Affidavit

STATE OF Mississippi
COUNTY OF Pearl River

Exhibit C

Deed Book
Book 2026 Pages 5110-5115
Page 5111

BEFORE ME, the undersigned notary public, personally appeared, Anthony Jay Davion, Connie Sue Tucker, as "Deponent", whose post office address is PO Box 302, Long Beach, MS, 39560, who, having been first duly sworn according to law, represent, warrant, depose and say:

He/She/They have personal knowledge of the matters set forth in this document.

He/She/They are the owners of that certain real property (the "Property) situated in Hancock County, State of Mississippi legally described as follows:

Land lying and being in Hancock County, Mississippi, beginning at a point 696.5 feet West of the Southeast corner of the N 1/2 of the SW 1/4 of SE 1/4, Section 8, Township 6 South, Range 15 West; thence run North 643.5 feet more or less to the South Margin of Old Klin Road; thence run West along the South Margin of Old Klin Road 174 feet to a corner; thence run South 1 degree 30 minutes West 650 feet more or less to the South line of the N 1/2 of the SW 1/4 of SE 1/4, said Section, Township, and Range; thence run East 177 feet more or less to the point of beginning, containing 2.6 Acres, more or less, and being a part of the North 1/2 of the SW 1/4 of SE 1/4, Section 8, Township 6 South, Range 15 West, Hancock County, Mississippi, together with all improvements thereon and appurtenances thereunto belonging.

Commonly known as: 11207 CHESTER LEE RD, PICAYUNE, MS 39466

Tax Parcel ID (Folio): 043-0-08-025.000

Deponent has never changed his or her name, nor used any other name other than the following:

Deponent Anthony Jay Davion's marital status is:          ✓ Married          ____ Single

Deponent Connie Sue Tucker's marital status is:          ✓ Married          ____ Single

The Property is ( ) Homestead property of Deponent or his or her spouse or minor children ( ) Investment Property     ( ) Other_____

Deponent further states that the Property is the same as that securing a debt secured by a security instrument (hereinafter "Mortgage") dated November 30, 2024, given by ANTHONY JAY DAVION, CONNIE SUE TUCKER, as Borrower, to Mortgage Electronic Registration Systems, Inc., as beneficiary, as nominee for Village Capital & Investment LLC, recorded December 13, 2024 in Deed Book 2024, Page 28726 , which was re-recorded March 9, 2026 in Deed Book 2026, Page 5095, Hancock County, Mississippi records, as last assigned to Village Capital & Investment, LLC.

There are no other persons who have ownership interests in the Property other than Deponent.

Deponent further states that at the time of delivery of the Warranty Deed in Lieu, he or she either had no spouse (or prior spouse) entitled to claim the benefit of an existing homestead or that all parties entitled to the benefit of an existing homestead have released his/her/their homestead simultaneously with Deponent's execution of the Warranty Deed in Lieu.

Exhibit C

Deed Book
Book 2026 Pages 5110-5115
Page 5112

Deponent further states that, at the time the Warranty Deed in Lieu was given to Grantee, there was no other person, firm, or corporation, other than the Grantee of said Deed and/or its successors and assigns, with any interest, either directly or indirectly in said property.

Deponent further states that Deponent has no other creditors whose rights would be prejudiced by said conveyance.

Deponent further states that the following are the only liens against said property to-wit:

Security Instrument recorded December 13, 2024 in Deed Book 2024, Page 28726 , which was re-recorded March 9, 2026 in Deed Book 2026, Page 5095, Hancock County, Mississippi records.

There are no federal tax claims, liens, or penalties assessed against Deponent either individually or in any other capacity, nor are there any loan deeds, trust deeds, mortgages, or liens of any nature whatsoever which remain unsatisfied against said property, except as disclosed herein.

There are no contracts for sale or unrecorded easements affecting the Property.

There are no security agreements, financing statements, title retention contracts, or personal property leases affecting any materials, fixtures, appliances, furnishings, or equipment placed on or installed in or on the Property as of this date.

Deponent further states that there are no unpaid monthly assessments, condominium fees, or homeowner's association fees or dues of any kind which remain unpaid.

Deponent further states that there are no liens for past due taxes of any kind including but not limited to assessments for paving, sidewalk, curbing, garbage service, sewer, or any other street improvements of any kind against said property or Deponent except as disclosed herein.

Deponent's title to and possession and enjoyment of the Property has been open, notorious, peaceable, and undisturbed, except as noted herein.

Neither Deponent's title to nor possession of the Property has ever been disputed or questioned nor is Deponent aware of any facts by reason of which the title to, or possession of, the Property or any part of it or any personal property located on it might be disputed or questioned or by reason of which any claim to the Property or any portion of it or any personal property located on it might be adversely asserted, except as noted herein.

There are no disputes concerning the location of the boundary lines of the Property as of this date, and the Property has adequate ingress and egress from and to a public road.

Deponent further states that all improvements on said property are contained within the boundaries of said described property; that there have been no violations of any restrictions or ordinances which may have been imposed on said property, nor have any detrimental changes been made or any waste then committed as regards to said property.

The Property has not been used or involved with the disposal, treatment, or storage of hazardous waste or hazardous substances as those terms are defined by 42 U.S.C., Section 9601.

Page 3

Exhibit C

Deed Book
Book 2026 Pages 5110-5115
Page 5113

Deponent further states that there are no suits, judgments, bankruptcies or other proceedings filed by Deponent in any court, which said actions could in any way affect the title to said property or constitute a lien thereon; and that Deponent is not surety on the bond of any county official or any other bond that, through default of the principal therein, a lien would be created superior to any conveyance executed by Deponent. Deponent is not insolvent as that term is defined in the Bankruptcy Code, nor is Owner contemplating filing Bankruptcy within ninety days hereof.

Deponent further states that there are no unpaid bills of any nature for the services of any architect, engineer, surveyor, or workman; nor for labor or materials for any recent improvements that may have been placed on said property, either in the construction or repair of any of the improvements thereon, except as disclosed herein, and that there are no fixtures now installed in any buildings or improvements on said property that have not been paid for in full.

Deponent is not a foreign corporation, foreign partnership, foreign trust or foreign estate (as those terms are defined in the Internal Revenue Code and Income Tax Regulations) for purposes of United States income taxation and for purposes of disclosure under 26 U.S.C.A., Section 1445. Deponents are citizens of the United States of America.

The foregoing representations may be relied upon in connection with the United States Foreign Investment in Real Property Tax Act (94 Stat. 2682, as amended). Deponent understands that his/her/their certification may be disclosed to the Internal Revenue Service by Purchaser and that any false statement contained in this certification may be punished by fine, imprisonment, or both.

That the aforesaid deed of conveyance made by Deponent was executed for good and valuable consideration and in lieu of foreclosure upon the above-described Mortgage encumbering the Property.

That the aforesaid deed was an absolute conveyance of the title to said premises to the Grantee named therein in effect as well as in form, and was and is not intended as a mortgage, trust conveyance, or security of any kind.

That the aforesaid deed of conveyance was made by Deponent as the result of his/her/their request that Grantee accept such deed, and was his/her/their free and voluntary act, and Deponent was not acting under any duress, undue influence, misapprehension or misrepresentation by Grantee or any other representative of Grantee.

That at the time of making said deed Deponent felt and still feels that the Mortgage indebtedness above mentioned represents at least the fair value of the property so deeded; that said deed was not given as a preference against other creditors of the Deponents.

That the aforesaid deed of conveyance made by Deponent was executed and delivered with the express understanding that it does not operate, even though placed of record, to effect such a merger of interest as to extinguish the mortgage lien or to extinguish the terms of this agreement, and that its receipt by Grantee does not constitute legal delivery and shall be of no binding force or effect whatsoever until such time as the grantee consents to the acceptance of such deed, after approval of title by Grantee. The receipt or acceptance of said deed aforesaid shall in no way restrict the right of Grantee, or the right of its agents or successors in interest, to foreclose the mortgage debt if foreclosure is deemed desirable.

The doctrine of equitable conversion shall not apply to the transactions contemplated by the Warranty Deed in Lieu, and Deponent shall bear all risk of loss on the Property until Grantee accepts

Page 4

Exhibit C

Deed Book
Book 2026 Pages 5110-5115
Page 5114

delivery of such deed. Deponent shall not cancel any hazard insurance policies on the Property until Grantee accepts delivery of such deed.

Deponent waives his/her/their rights to any escrowed funds and any refunds from prepaid expenses, and he/she/they also assign any insurance claims or proceeds to Grantee.

In the event that Deponent has not surrendered possession of the Property to Grantee or does not surrender possession, Deponent acknowledges that he/she/they is/are occupying the Property as a tenant at sufferance and that Grantee is entitled to a writ of possession for the premises.

This instrument is made for the protection and benefit of the aforesaid Grantee its agents, successors and/or assigns, and all other parties hereafter dealing with or who may acquire any interest in the property described in the aforesaid deed, and shall bind the respective heirs, executors, administrators, and assigns of the undersigned.

That Deponent(s), and each of them, will testify, declare, depose, or certify before any competent tribunal, officer, or person, in any case now pending or which may hereafter be instituted, to the truth of the particular facts hereinabove set forth.

By acceptance and recording of the Deed in Lieu and this instrument, Grantee covenants and agrees that it shall forever forebear taking any action whatsoever to collect against any party who is currently liable for the obligations which are secured by the Mortgage described herein, other than by foreclosure of that mortgage; and, that in any proceeding to foreclose that Mortgage, Grantee shall not seek, obtain or permit a deficiency judgment against any party currently liable for the indebtedness, such right being hereby waived. This paragraph shall be inapplicable in the event that this deed is set aside or this deed is determined to transfer less than fee simple title to Grantee.

In the event that a party who is signing this agreement is a spouse of an owner of the Property but is not an owner himself/herself, he or she is signing this instrument for the purpose of consenting to the deed in lieu transaction and is not making any other representations regarding himself/herself or the Property.

The terms herein shall survive the deed in lieu transaction, and if any provision herein is deemed invalid by a court of law or equity, the remaining provisions shall remain in full force and effect.

IN WITNESS WHEREOF, the undersigned has executed this Agreement for Deed in Lieu of Foreclosure and Estoppel and Solvency Affidavit on this 20th day of March, 2026.

_____
Anthony Jay Davion

_____
Connie Sue Tucker

STATE OF Mississippi

COUNTY OF Pearl River

Exhibit C

Deed Book
Book 2026 Pages 5110-5115
Page 5115

Personally appeared before me, the undersigned authority, a Notary Public in and for said County, and State the within named Anthony Jay Davion, Connie Sue Tucker with whom I am personally acquainted or proved to me on the basis of satisfactory evidence and who subscribed and swore before me that the foregoing is true and correct and who acknowledged themselves to be the persons described in and who executed the foregoing instrument, and acknowledged that they executed the foregoing instrument for the purposes therein contained by signing the name Anthony Jay Davion, Connie Sue Tucker, as such Grantor or Deponent.

Witness my hand and official seal this 20th day of March, 20 26.

Notary Public
My Commission Expires: 9-1-29

(Notary Seal)

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID#496690
HARLEY L.N. GAMBINO
Commission Expires
Sept 1, 2029
PEARL RIVER COUNTY

Page 6

Exhibit C

Hancock County, MS
Tiffany Cowman, Chancery Clerk
I certify this instrument was filed
04/14/2026 08:10:17 AM
and recorded in the
Deed Book
Book 2026 Pages 5116-5118
Page 5116



FILE NO. ████

PREPARED BY:
RECORD AND RETURN TO:
Rubin Lublin, LLC
3145 Avalon Ridge Place
Suite 100
Peachtree Corners, GA 30071
(770) 246-3300

Grantor:
ANTHONY JAY DAVION, CONNIE SUE TUCKER
11207 CHESTER LEE RD
PICAYUNE, MS 39466

,

Grantee:
Village Capital & Investment, LLC
2460 Paseo Verde Parkway
Suite 110
Henderson, NV 89074
1-800-919-0068

Borrower:
ANTHONY JAY DAVION, CONNIE SUE TUCKER
PO Box 302, Long Beach, MS, 39560

INDEXING INSTRUCTIONS: PART OF
THE N 1/2 OF THE SW 1/4 OF SE 1/4 OF
SECTION 8, TOWNSHIP 6 SOUTH,
RANGE 15 WEST, HANCOCK COUNTY,
MISSISSIPPI

## WARRANTY DEED IN LIEU

Name and Address of New Improved Property Known as: Owner:

Village Capital & Investment, LLC
2460 Paseo Verde Parkway
Suite 110
Henderson, NV 89074

11207 CHESTER LEE RD, PICAYUNE, MS 39466

Send Tax Bills to:

Village Capital & Investment, LLC
2460 Paseo Verde Parkway
Suite 110
Henderson, NV 89074

MAP PARCEL NUMBER: 043-0-08-025.000

THIS INDENTURE, dated __3/20__, 20_26_, between **ANTHONY JAY DAVION, CONNIE SUE TUCKER**, a married couple Grantor, and **VILLAGE CAPITAL & INVESTMENT, LLC**, Grantee.

Exhibit C

Deed Book
Book 2026 Pages 5116-5118
Page 5117

In this deed, wherever the context so requires, the masculine gender includes feminine and/or neuter and the singular number includes the plural. Wherever herein a verb, pronoun or other part of speech is used in the singular, and there be more than one Grantor or Grantee, said singular part of speech shall be deemed to read as the plural, and each Grantor shall always be jointly and severally liable for the performance of every promise and agreement made herein. Wherever herein Grantor or Grantee is used, the same shall be considered to mean as well, the heirs, executors, administrators, successors, representatives and assigns of the same.

WITNESSETH, THAT:

The Grantor, for and in consideration of the sum of ONE DOLLAR ($1.00) and other good and valuable consideration the receipt adequacy and sufficiency of which are hereby acknowledged by Grantor, Grantor has bargained, sold, and by these presents does grant, bargain, sell and convey unto the said Grantee, all of Grantor's right, title and interest of any kind or nature whatsoever in and to all the following described property:

Land lying and being in Hancock County, Mississippi, beginning at a point 696.5 feet West of the Southeast corner of the N 1/2 of the SW 1/4 of SE 1/4, Section 8, Township 6 South, Range 15 West; thence run North 643.5 feet more or less to the South Margin of Old Klin Road; thence run West along the South Margin of Old Klin Road 174 feet to a corner; thence run South 1 degree 30 minutes West 650 feet more or less to the South line of the N 1/2 of the SW 1/4 of SE 1/4, said Section, Township, and Range; thence run East 177 feet more or less to the point of beginning, containing 2.6 Acres, more or less, and being a part of the North 1/2 of the SW 1/4 of SE 1/4, Section 8, Township 6 South, Range 15 West, Hancock County, Mississippi, together with all improvements thereon and appurtenances thereunto belonging.

Property Address: 11207 CHESTER LEE RD, PICAYUNE, MS 39466. Together with any improvements, buildings, fixtures or other property located thereon.

Together with the property described herein, this conveyance is executed with the express understanding that the full legal and equitable title shall vest in Grantee, but it is the intention of the parties, supported by representations and warranties of the parties, that the Grantee shall take the unencumbered title, and therefore, the vesting of title shall not operate to effect such a merger of interest as to extinguish the Deed of Trust and Agreement from ANTHONY JAY DAVION, CONNIE SUE TUCKER to Mortgage Electronic Registration Systems, Inc., as beneficiary, as nominee for Village Capital & Investment LLC, its successors and assigns, dated November 30, 2024, recorded December 13, 2024 in Deed Book 2024, Page 28726 , which was re-recorded March 9, 2026 in Deed Book 2026, Page 5095, of Hancock County, Mississippi records (the "Security Deed"), as last assigned to Grantee, until such time as the release, satisfaction or cancellation of the lien of said Deed of Trust is filed for record in the Hancock County, Mississippi records, as such extinguishments might serve to promote the priority of any subordinate interests which may be outstanding at the time of such vesting of title contrary to the intention of the parties.

TO HAVE AND TO HOLD, the said tract of land, with all and singular the rights, members and appurtenances thereof, to the same being, belonging, or in any wise appertaining, to the only proper use, benefit, and behoof of said Grantee, its heirs and assigns, forever, in Fee Simple.

AND THE SAID GRANTOR, for himself, his heirs, executors and administrators, will warrant and forever defend the right and title to the above-described property, unto the said Grantee, its heirs and assigns, against the lawful claims of all persons.

Exhibit C

Deed Book
Book 2026 Pages 5116-5118
Page 5118

Grantor declares that this conveyance is freely and fairly made and in an absolute conveyance and that no other agreements, oral or written, exist with respect to the Property between Grantor and Grantee. Grantor hereby waives any and all right, title and interest in the said Property that may now exist, or may hereinafter arise at law or in equity or otherwise, including, without limitation, any and all equity of redemption, and any and all rights of reinstatement, and any and all rights arising under any moratorium or similar provision for debtor's relief.

IN WITNESS WHEREOF, the said Grantor has hereunto affixed their hand and seal as of the day of year first written above.

GRANTOR:

_____
Anthony Jay Davion

_____
Connie Sue Tucker

STATE OF Mississippi

COUNTY OF Pearl River

Personally appeared before me, the undersigned authority, a Notary Public in and for said County, and State the within named Anthony Jay Davion, Connie Sue Tucker, with whom I am personally acquainted or proved to me on the basis of satisfactory evidence and who acknowledged themselves to be the persons described in and who executed the foregoing instrument, and acknowledged that they executed the foregoing instrument for the purposes therein contained by signing the name Anthony Jay Davion, Connie Sue Tucker, as such Grantor.

Witness my hand and official seal this 20th day of March, 2026.

_____
Notary Public
My Commission Expires:   9-1-29

(Notary Seal)

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID#496690
HARLEY L.N. GAMBINO
Commission Expires
Sept 1, 2029
PEARL RIVER COUNTY

Exhibit C